418

## PALUMBO v. UNION INDEMNITY CO.
### et al.
### No. 3495.

District Court, D. Massachusetts.

April 26, 1937.

Fusaro & Fusaro and Charles F. Campbell, all of Worcester, Mass., and Joseph V. Carroll and Dana J. Kelly, both of Boston, Mass., for plaintiff.

John E. Hannigan and William H. Taylor, both of Boston, Mass., for defendant Union Indemnity Co.

Francis J. W. Ford, U. S. Atty., and Edward O. Gourdin, Asst. U. S. Atty., both of Boston, Mass., for defendant Anna Tillinghast.

SWEENEY, District Judge.

This is a suit in equity in which the petitioner seeks to recover a sum of money deposited with the respondent as security for a bond furnished by it.

The parties hereto have submitted an agreed statement of facts which is adopted as findings of fact, and which is as follows:

"1. On June 6, 1930, Vincenzo Palumbo deposited the sum of Five Hundred Dollars with the Union Indemnity Company for a Recognizance which the Union Indemnity Company filed with Anna Tillinghast, United States Commissioner of Immigration, whereby one Nicholas Frisari of the City and County of Worcester and Commonwealth of Massachusetts was released from the custody of the said Commissioner of Immigration.

"2. On or about April 14, 1931, the said Nicholas Frisari was ordered deported by the Department of Labor. On or about April 22, 1931, the Commissioner of Immigration at Boston notified the Union Indemnity Company to produce said Nicholas Frisari on or before May 21.

"3. On or about May 15, 1931, the said Nicholas Frisari filed a petition for a Writ of Habeas Corpus in the District Court of the United States for the District of Massachusetts. The order of notice which was returnable May 25, 1931, was returned to court with a return of the United States Marshal of no service.

"4. The Commissioner of Immigration ordered the said Nicholas Frisari to surrender himself on or before June 6, 1931. The said Nicholas Frisari did not surrender himself on that date.

"5. On July 3, 1931, the Department of Immigration declared the recognizance breached.

"6. The Commissioner of Immigration took the said Nicholas Frisari in custody on or about August 31, 1931.

"7. On or about July 3, 1931, the Department of Immigration made a demand on the Union Indemnity Company for the payment of the bond in the sum of Five Hundred Dollars.

"8. On or about August 29th, 1931, the Union Indemnity Company paid the Commissioner of Immigration the sum of Five Hundred Dollars with knowledge of the pendency of the petition for a writ of Habeas Corpus and against the objection of Vincenzo Palumbo.

"9. On or about August 31, 1931, a second petition for a Writ of Habeas Corpus was filed on behalf of said Nicholas Frisari, which petition was later denied and the alien deported."

The petitioner alleges that the Indemnity Company paid the sum of $500 to the Commissioner of Immigration without warrant and in mistake of law. I cannot agree that his contention is a sound one. The bond was conditioned upon the surrender by the surety company of the alien Frisari upon proper demand by the immigration authorities. Demand was made for his surrender, and the bond was breached in that the surety company did not, and probably could not, surrender Frisari as it had agreed. The bond was, therefore, breached, and the liquidated damages for such breach became due

and payable. The fact that Frisari had filed a petition for a writ of habeas corpus on May 15, 1931, where his surrender was due on May 21, 1931, could not operate to modify the condition of the bond. The Commissioner was not a party to these proceedings, and cannot be held to have in any way waived or altered the bond which called for surrender on May 21, 1931. Surrender not having been made, the bond had been breached, and the liquidated damage or penalty was due.

There is no merit to the petitioner's contention, and the bill is ordered dismissed.